IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED JUL 24 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

REGINALD SPEARS,  )
  )
  Petitioner,  )
v.  )
  )
  )  Civil Case No. 1:12-CV-1077
  )  Related Case No. 1:97-CR-357
UNITED STATES OF AMERICA,  )
  )
  Respondent.  )
  )

**MEMORANDUM OPINION**

This case is before the Court on Reginald Spears's ("Petitioner") Motion to Vacate, Set Aside and/or Correct Sentence pursuant to Title 28, U.S.C. Section 2255.

On August 13, 1996, Andre Gales was stabbed to death in the yard of the Lorton Reformatory Correctional Complex using homemade knives colloquially known as "shanks." Multiple witnesses identified the Pefendant and others in the yard at the time. Law enforcement officers recovered notes written by the Petitioner and a co-conspirator, Michael Dickerson, in which they requested other inmates serve as alibi witnesses. On September 3, 1997, a federal grand jury indicted the Petitioner, along with four co-conspirators, for murder, in violation of 18 U.S.C. § 1117, and aiding and abetting in the second-degree

1

murder of Gales, in violation of 18 U.S.C. §§ 1111 and 2. On December 30, 1997, the Petitioner pled guilty to Count 2 of the indictment (second-degree murder) pursuant to a plea agreement in which the Government moved to dismiss the other count and agreed to a recommendation at the low-end of the sentencing guidelines. On March 20, 1998, the Petitioner was sentenced to 210 months' incarceration and 5 years' supervised release for the murder of Gales. The Petitioner did not appeal his conviction or sentence on direct appeal.

A prisoner in federal custody who has exhausted his direct appeal may nonetheless attack his sentence on four limited grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Pursuant to § 2255(f), defendants must in most cases file their collateral challenge within one year of the judgment becoming final. Similarly, habeas review is not intended to be a vehicle for a prisoner to litigate claims that he failed to raise on direct appeal. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary

2

remedy and will not be allowed to do service for an appeal." See Bousley v. United States, 523 U.S. 614, 621 (1998). Because the Petitioner did not appeal his conviction, he is also procedurally barred from collaterally attacking the voluntariness of his plea. Therefore, both (a) the one-year requirement of § 2255(f) and (b) the Petitioner's failure to directly appeal his conviction constitute separate grounds that procedurally bar the review of the issues raised in the current Motion.

In an effort to excuse his procedural defaults, the Petitioner cites to 28 U.S.C. § 2255(f)(4) to excuse his delay. Section 2255(f)(4), however, only tolls the one-year limitations period to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Since the newly discovered "facts" to which he now cites only pertain to his actual innocence, and not the supposed coercion he now raises as a basis for relief, § 2255(f)(4) does not excuse his delay in bringing his coercion claim. Similarly, § 2255(f)(4) does not excuse his failure to raise this issue on direct appeal, a procedural requirement separate from the one-year rule found within § 2255.

However, because the Petitioner proceeds *pro se*, this Court may interpret his claim as one that actual innocence excuses his procedural default, as established under Bousley v. United

3

States and its progeny. As the Supreme Court has noted, despite procedural defaults, "[p]etitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998).

Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. House v. Bell, 547 U.S. 518, 536-37 (2006). A claim of actual innocence requires new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that supports the claim of innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id.; see also Calderon v. Thompson, 523 U.S. 538, 559 (1998) (emphasizing that new reliable evidence of innocence is a "rarity").

The Petitioner now collaterally challenges his guilty plea, entered in 1997, on the grounds that he was coerced into his plea by the Government. Additionally, he claims he is actually innocent. The Petitioner has not established a sufficient claim of actual innocence to either excuse his procedural default or

4

serve as a freestanding basis for habeas relief. Similarly, he has not established that he was coerced when entering his plea agreement, or that his plea was involuntary in any other way.

The Petitioner seeks to vacate his conviction and sentence by claiming he is actually innocent of the murder to which he pled guilty. The Petitioner's sole evidence of actual innocence is an affidavit signed by a co-defendant, Michael Dickerson, claiming that the Petitioner "did not participate in any capacity in the murder" of Andre Gales. This affidavit was signed on June 13, 2012—fourteen-and-a-half years after both he and the Petitioner were convicted of the murder.

The Supreme Court has instructed that "when considering an actual-innocence claim . . . the District Court . . . may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." House, 547 U.S. at 537. Besides the fifteen-year delay, the identity of the author makes this "newly discovered affidavit" of no probative value. As described in the agreed-upon Statement of Facts entered at the time the Petitioner's guilty plea, law enforcement found evidence (in the form of two jailhouse notes) that both Dickerson and the Petitioner sought other Lorton inmates to serve as alibi witnesses for the time of the Gales's murder. For this conduct, the Petitioner received a two-level increase for obstruction of justice. This prior

5

behavior shows that Dickerson and the Petitioner have concocted fictitious stories before and suggests they are doing so again.

This Court and others have dismissed the unsupported and long-delayed affidavits of coconspirators as having weak-to-no probative value in establishing the actual innocence of a defendant seeking to collaterally challenge his conviction. In Carter v. Virginia, this Court noted in an actual-innocence case, similar to this one, that "[i]t is not unusual for one of two convicted accomplices to assume the entire fault and thus exculpate his codefendant by the filing of a recanting affidavit or other statement." Carter v. Virginia, No. 3:09CV121, 2010 WL 331758, at *8 (E.D. Va. Jan. 26, 2010). In Barnes v. Mathena, this Court similarly explained that "[t]o accept such commonplace recantations by convicted criminals would ignore the Supreme Court's admonition that the quality of evidence necessary to support a claim of actual innocence 'is obviously unavailable in the vast majority of cases.'" No. 3:11CV551, 2012 WL 2370346, at *7 (E.D. Va. June 21, 2012) (quoting Schlup, 513 U.S. at 324). Federal courts of appeals similarly have evaluated post-trial statements of co-defendants "with utmost suspicions." United States v. Lighty, 616 F.3d 321, 375 (4th Cir. 2010); see also Drew v. Scott, 28 F.3d 460, 463 (5th Cir. 1994) (rejecting actual innocence claim predicated on co-defendant's statements made after he had nothing to lose by exculpating defendant).

6

Because he has not presented any trustworthy evidence as to his innocence, the Petitioner has not established actual innocence as a basis for habeas relief. Similarly, the Petitioner has not established his actual innocence as a basis for excusing the procedural default of his voluntariness claims.

The Petitioner also claims that he was coerced into pleading guilty in 1997. Specifically, he claims that prosecutors told him that, if he did not plead guilty, no plea offer would be extended to his co-defendant, Michael Dickerson. Under such coercion, according to the Petitioner, he entered a guilty plea in order to avoid exposing Dickerson to a more severe punishment.

In this case, the Petitioner's guilty plea was entered on December 30, 1997. Prior to accepting the plea of guilty, the district court conducted a colloquy with the Petitioner, as required under Rule 11 of the Federal Rules of Criminal Procedure. During the colloquy, the Petitioner stated that he had reviewed the plea agreement, consulted adequately with his attorney, and understood the terms of the plea agreement. The court inquired into the possibility of coercion and asked Petitioner if any promise or threat induced him to plead guilty. The Petitioner replied no. The Petitioner also confirmed that the Statement of Facts submitted as part of the plea agreement was a true reflection of the events relating to Gales's death.

7

After further inquiry, the court accepted the Petitioner's plea of guilty to second-degree murder as voluntarily and intelligently entered.

"Once judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary." Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1295 (4th Cir. 1992). "A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged." McMann v. Richardson, 397 U.S. 759, 766 (1970). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002); United States v. Carter, 474 F. App'x 106, 107 (4th Cir. 2012) (unpublished). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields, 956 F.2d at 1299; see also Beck v. Angelone, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence" to the contrary, defendant is bound by statements made under oath at Rule 11 hearing). "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The Petitioner only offers his own conclusory statements in support of his coercion claim. This unsupported allegation, fifteen years delayed, is hardly enough evidence to satisfy the clear and convincing burden the Petitioner now faces. Moreover, as described above, the Petitioner has a history of fabricating facts for the purposes of criminal litigation. The Petitioner, therefore, offers nothing today that calls into question his prior representations about the voluntariness of his plea or the contemporaneous findings of the district court that the Petitioner pled guilty voluntarily.

"Evidentiary hearings on 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (quoting United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978)).

The record demonstrates that an evidentiary hearing in this case would be an unnecessary waste of judicial and litigation resources because the files and records conclusively show that the prisoner is not entitled to relief. The Petitioner has failed to present any trustworthy evidence that he is in fact

actually innocent of the crime for which he was convicted in 1997. He therefore cannot rely on that claim to excuse his procedural default under 28 U.S.C. § 2255(f) or as a freestanding basis for setting aside his conviction. Moreover, the Petitioner has not made a colorable showing that his guilty plea was coerced by the prosecution, or that the district court was incorrect in finding that his plea was voluntarily made.

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 24, 2013