IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



|  |  |  |
|---|---|---|
| REGINALD SPEARS, | ) | |
|  | ) | |
| Petitioner, | ) | Criminal No. 1:97-cr-357 |
| v. | ) | |
|  | ) | |
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion of Reginald Spears ("Petitioner") to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On December 30, 1997, the Petitioner pleaded guilty to aiding and abetting in second-degree murder in violation of 18 U.S.C. §§ 1111, 1112, Count II of an indictment that indicted him for murder in Count I. As part of his Plea Agreement, the United States moved to dismiss Count I, which this Court granted. Petitioner was sentenced on March 20, 1998, to 210 months incarceration. This calculation fell within the sentencing guideline range of 188 to 235 months incarceration - deriving from a Base Offense Level of 33 for second-degree murder pursuant to U.S. Sentencing Guidelines § 2A1.2(a), plus a 2-level upward Obstruction Adjustment pursuant to § 3C1.1 for the Petitioner's effort to cultivate a false alibi witness, a 3-

level reduction for acceptance of responsibility, resulting in an Offense Level Total of 32 and a Criminal History Category of V. The statutory maximum for Petitioner's offense was life imprisonment.

Immediately after sentencing, the Petitioner's counsel moved to amend the incarceration period to 188 months - the amount the government agreed to in Petitioner's Plea Agreement. This Court denied that motion on April 14, 1998. The Petitioner did not appeal his conviction or sentence on direct appeal, having waived his right to do so as part of his Plea Agreement. He did collaterally attack his sentence pursuant to § 2255 on September 24, 2012, which this Court denied on July 24, 2013.

The Petitioner's instant Motion - his second collateral attack - claims a violation of his Sixth Amendment right to have a jury find the facts underlying the enhancement of his sentence to 210 months beyond a reasonable doubt. This argument rests on the recent United States Supreme Court decision Alleyne v. United States, 133 S. Ct. 2151 (2013), which overrules Harris v. United States, 536 U.S. 545 (2002) by prohibiting a judge from determining the applicability of a mandatory minimum sentence. Accordingly, as a new constitutional rule, Alleyne's retroactive applicability must be established before considering whether Petitioner can employ it here.

28 U.S.C. § 2255(h)(2) allows for a second collateral attack when a newly established constitutional rule is "made retroactive to cases on collateral review by the Supreme Court." Only the Supreme Court can determine retroactive effect of new constitutional rules. See, e.g., Dodd v. United States, 545 U.S. 353, 357 (2005). The Court made no such determination in Alleyne. Petitioner nevertheless insists that Alleyne's holding is the type of rule with retroactive effect. Yet Alleyne is progeny of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi is the basis for various rules that the Court does give retroactive effect to on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 353-355 (2004). Thus, to the extent any retroactive determination can be inferred, it would be against application. In any event, only the Supreme Court can make such a determination, and there is none in Alleyne.

Even if Alleyne applies retroactively, it is inapplicable to the Petitioner's case. Alleyne disclaims the implication that it requires "any fact that influences judicial discretion" to be found by a jury. See 133 S. Ct. at 2163. Petitioner here pleaded guilty and in so doing waived his right to a jury trial. What is more, he accordingly admitted that the government could prove the facts underlying his conviction beyond a reasonable doubt, and understood the statutory maximum sentence for such a conviction. Alleyne, in contrast, is concerned with prohibiting

3

the use of sentence-enhancing facts found by a judge - not admitted to by a defendant - and only found by a preponderance of the evidence. See, e.g., id. at 2163-64; cf. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("[A] judge cannot make this decision unless the defendant waives his entitlement to a jury. (A jury is also unnecessary if the defendant admits facts that require a minimum sentence[.)]").

Furthermore, Alleyne affirms the use of judicial discretion "'in imposing a judgment within the range prescribed by statute.'" See 133 S. Ct. at 2163 (citing Apprendi, 530 U.S. at 481) (emphasis in original). Here, the sentence of 210 months was within the applicable guideline range, and thus within the Court's discretion to impose - the government's endorsement of a 188-month incarceration period notwithstanding. Accordingly, Petitioner's reliance upon Alleyne as his sole basis for relief is unavailing. Cf. In re Payne, 733 F.3d 1027, 1030 n.1 (10th Cir. 2013) ("The plea agreement . . . indicated . . . [Petitioner] understood the district court could impose the statutory maximum; and that sentencing was a matter for the court's discretion. By choosing to exercise its discretion to impose the statutory maximum, the court did not violate the Sixth Amendment.").

An evidentiary hearing is only necessary when it is unclear "from the pleadings and the files and records that the

prisoner is entitled to no relief . . . ." <u>Raines v. United States</u>, 423 F.2d 526, 530 (4th Cir. 1970). Here, the presented evidence is sufficient for this Court to determine that Petitioner's allegations entitle him to neither an evidentiary hearing nor § 2255 relief.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 6, 2014